UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WAVERY TOMPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 02515 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| 19th JUDICIAL CIRCUIT COURT OF LAKE COUNTY, ILLINOIS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

  Wavery Tompkins filed this suit against 25 various defendants, including the Lake County Circuit Court and judges and clerks of that court; the Lake County State's Attorney's Office and a state prosecutor in that office; the Lake County's Sheriff's Department and deputies in that department; Waukegan police officers; two members of a church in North Chicago; and the United States District Court for the Northern District of Illinois and a judge of that court. Tompkins is representing himself. Among other things, he has filed a motion to proceed *in forma pauperis*. R. 4. For the reasons explained below, the motion is denied.

  Because Tompkins is seeking *in forma pauperis* status, he is governed by 28 U.S.C. § 1915(e)(2)(B), which provides for the dismissal of "frivolous" claims, § 1915(e)(2)(B)(i), *see Vey v. Clinton*, 520 U.S. 937, 937 (1997), as well as complaints that fail to state a claim, § 1915(e)(2)(B)(ii), *Jaros v. IDOC*, 684 F.3d 667, 669 n.1 (7th Cir. 2012); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Section 1915(e)(2) applies to all litigants who seek to proceed *in forma pauperis*, not just prisoners. *See Vey*, 520 U.S. at 937 (denying *in forma pauperis* status to file certiorari petition from appeal applying § 1915(e)(2)(B)(i) to non-inmate); *Jaros*, 684 F.3d at 669 n.1 (explaining that § 1915(e)(2) screening applies to non-prisoner suits); *Rowe*, 196 F.3d at 783; *McDowell v. Eden*, 2011 WL 196937, *1 (N.D. Ill. Jan. 20, 2011). In addressing any *pro se* litigant's complaint, the Court must construe the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). If there is an arguable basis for a claim in fact or law, then leave to proceed will be granted. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). But dismissal of the complaint is the proper course where it is clearly baseless or fanciful, *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), or fails to state a claim, § 1915(e)(2)(B)(ii), or seeks monetary damages against a defendant who is immune from such damages, § 1915(e)(2)(B)(iii).

The complaint contains 164 paragraphs, and goes back in time to around 1988. *See* R. 1 ¶ 56 (this is the first arrest of which Tompkins complains; the complaint actually mentions events going back to 1982). As best as can be discerned, the complaint has a few sets of allegations; they do not all tie together, at least not directly. First, it appears that Tompkins believes he has been falsely arrested, several times, by various police officers and Sheriff's deputies, and occasionally prosecuted by the Lake County State's Attorney's Office. *Id.* ¶¶ 54-80, 110, 111. For one of these arrests, Tompkins filed a civil rights lawsuit in the United States District Court for the Northern District of Illinois. This is a second set of allegations. The federal case was assigned to Judge Matthew Kennelly. *Id.* ¶ 84. Tompkins believes the attorneys appointed to represent him ended up conspiring against Tompkins. *Id.* ¶ 85-86.

In another set of allegations, Tompkins filed a lawsuit in Lake County Circuit Court against his landlord in August 2005. *Id.* ¶ 90. The landlord said that she "feared the Plaintiff's presence." *Id.* ¶ 91. Tompkins alleges that the state judges committed various errors, ending in entry of judgment for the defendants whom Tompkins had sued. *Id.* ¶ 95. There is also a set of allegations stemming from what Tompkins says is defamation committed by two members of a church. *Id.* ¶ 103. Tompkins apparently filed a state-court defamation claim (and perhaps two), which was dismissed. *Id.* ¶¶ 103, 115.

On these allegations, Tompkins assets nine counts. Before discussing those counts, the Court pauses to explain that, because on the Court's colleagues is named in the complaint, the Court did consider whether recusal was necessary. Under the applicable federal statutes, 28 U.S.C. §§ 144 and 455, and the Judicial Code of Conduct, it is permissible to rule on a complaint "if the litigation is patently frivolous, or if judicial immunity is plainly applicable." *See* Judicial Code of Conduct Advisory Opinion No. 82 (available at www.uscourts.gov/RulesAndPolicies/Codes of Conduct.aspx). As explained below, this case is frivolous both in all respects and as to the specific claim against Judge Kennelly, both on implausibility and immunity grounds.

Turning to the individual counts, Count One purports to allege a violation of 18 U.S.C. § 241 (deprivation of constitutional rights), a federal criminal statute, which cannot be enforced civilly by Tompkins. Likewise, Count Two alleges that Defendants' conspired to falsely accuse or testify against Plaintiff, which the complaint says is a violation of 18 U.S.C. § 1505 (obstruction of justice). Again, that is a federal criminal statute that Tompkins cannot enforce in a civil action. To the extent that Tompkins is trying to allege a 42 U.S.C. § 1983 (or *Bivens* versus the federal officials) action, the allegation of a vast conspiracy against him does not plausibly state a claim.

2

Similarly, Count Three alleges that, when Tompkins was arrested, "some officers" booked Tompkins with aliases in addition to his real name, thus supposedly violating one of the identity-theft criminal statutes, 18 U.S.C. § 1028(d)(5)(A). Once again, Tompkins cannot enforce that criminal statute in a civil action. The same goes for the next two claims: Count Four, which purports to allege a violation of 18 U.S.C. § 245 (interference with certain civil rights), and Count Five, which alleges that there was concealment of court records, 18 U.S.C. § 2071. Tompkins cannot prosecute those federal criminal statutes as civil actions.

Next, Count Six refers specifically to paragraphs 50 to 53 of the complaint, but those allegations, to the extent they are understandable, involve a refusal to rent to Tompkins after he raised complaints about the condition of the residence, and the allegations do not plausibly state a claim for race discrimination in the right to hold or lease property, 42 U.S.C. § 1982.

Count Seven refers specifically to paragraphs 97 to 100 of the complaint, which are allegations that two Lake County Circuit Court deputy clerks caused him to be arrested for allegedly making threats, once in 2007 and the other time in 2008. Whether regarded as a false-arrest or malicious-prosecution claim (or both), the latter case was dismissed in August 2008, so Tompkins's complaint, on its face, is outside the two-year statute of limitations. On the former case, the complaint does not allege that the prosecution was terminated in his favor, so that required allegation is missing.

Count Eight tries to allege that the "legal officials" had a chance to, but did not, prevent the "ongoing conspiracy." To the extent that this count is targeted at supervisory executive-branch officials, the allegations are too thin to state a claim for liability, because there are insufficient allegations of their personal involvement. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76, 681 (2009). Also, to the extent that this count is targeted at prosecutors (or the State's Attorney) for failing to prosecute the alleged wrongdoers or judges for failing to prevent the alleged abuse of process, absolute prosecutorial and judicial immunity apply to bar the claim.

Finally, Count Nine alleges that three prior lawsuits were incorrectly dismissed. To the extent that Tompkins is targeting state-court lawsuits, the *Rooker-Feldman* doctrine, narrow as it is, would apply if he is complaining about the judgments themselves. See *Crawford v. Countrywide Home Loans*, 647 F.3d 642, 645-46 (7th Cir. 2011). To the extent that the federal suit is the target, again the proper procedure would have been to appeal the dismissal, not file what amounts to a collateral challenge in a new civil suit. Whether state or federal, the complaint's allegations fail to provide factual content that amount to plausible challenges of the judges's decisions, and absolute judicial immunity would apply in any event.

3

This case is frivolous and fails to state a claim. The case is dismissed with prejudice.

ENTERED:

<u>    s/Edmond E. Chang    </u>
Honorable Edmond E. Chang
United States District Judge

DATE: September 10, 2013