

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

FILED
OCT 16 2013
OCT 16, 2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Wavery Tompkins )
Plaintiff )
v. )
19th Judicial Circuit Court of Lake County, IL. )
Lake County State's Attorney's, et al., Lake )
County Sheriff's Dept., et al., Lake County ) 13CV2515
Circuit Court Clerks' Office, et al., Waukegan ) Judge Edmond Chang
Police Dept. et al., Judge Matthew F. Kennelly ) Magistrate Judge:
Atty. Neil Toppel, Attys. Margaret M. Duncan, ) Daniel G. Martin
Keith M. Stolte, Rev. Eugene Roberson, Ms. )
Tina Y. Wofford. )
Defendants

NOTICE OF MOTION

Please be advised that on Friday, October 11, 2013, that I, Wavery Tompkins, Plaintiff in the above listed case present the following motion in response to an order dismissing complaint # 13CV2515 on or about September 13, 2013, by placing this document, and attached appendix into the U.S. Post Office for delivery to: United State's District Court Clerk 219 Dearborn St. Chicago, IL. 60604

MOTION

MOTION TO RECEIVE RELIEF FROM A DISMISSAL BY JUDGMENT/ORDER

IN ACCORD OF RULE 60 OF THE FEDERAL RULES OF

CIVIL PROCEDURE.

OBJECTIVE OF THIS MOTION:

The objective of this motion is that the Plaintiff's evaluations of himself, and all that he has endured throughout his life may first be understood. That the Plaintiff may lend insight of the fact that he is a black minority, and does understand how the majority in this country acts, and reacts, and Plaintiff will show how good hearted Americans of the minority persuasion may be

manipulated by a justice system that is bent on manipulating a segment of people within our society, to all appear similar in daily method or thought pattern, as if all black minorities have comprehension, or common sense deficiencies that cause them to become frustrated and eventually angry, and act out in a manner unbecoming to civil minded, business oriented, common people. Plaintiff is not of that mold, knows well, right from wrong, has never had harmful intent towards anyone, unless being in situations where he is forced to defend his position, which moral majority individuals of today's society understand that in predominantly minority areas of residence throughout this country, there is a 'feast or famine' concept. The Plaintiff, through this motion, will simply give a unique, frank and forthright perspective of a modern day, intelligent black mans' viewpoint, that will hopefully lend some understanding to the thought, that while we view people in various culture classifications in this country, let's not forget that we must view people as individuals, who have, and in many cases want to offer something positive to their society. FACTUAL ISSUES OF THIS CIVIL CONSPIRACY:

The Plaintiff, now a 52 year-old, black highschool graduate, having the equivalent of two years of secondary education, is versatile in various areas of this country's work force, or trade option. The Plaintiff whom has been basically an independent worker, scrap hauler, the past ten years, has experience in the construction trade, does not steal, affiliate himself with gangs, indulge in drug usage, and no longer frequents drinking establishments. Plaintiff is of the Christian faith of the Baptist doctrine, has never owned a firearm, over the years, has become very accustomed to being respected, sought out for giving sound advice, and assisting in solving day to day problems in society for himself and others, if he feels the need. Plaintiff is handsome, and in good physical condition, in his mid-age, and feels no need to appear

intimidating to anyone. The manner that the Plaintiff carries himself affords him to command his self worth, and respect, the Plaintiff is not putting on aires, or trying to be someone he is not, does not feel the need to be reprimanded, or scolded, as if he is some mischievous brat, as some authoritative individual, attempting to build on his self-esteem. Plaintiff is truly a unique commodity, and respects God, and himself afterwards. Plaintiff has never viewed himself as a criminal, was always respected throughout his life as a leader, from facilitator of groups of friends as a youth, to captain of his highschool varsity football team, to respected supervisory positions in most jobs held. Therefore, Plaintiff has to try and show how it has been a total shock to be repeatedly arrested, accused of undefined, immoral acts, of disturbing the peace, and most severely, of being a bad, or reckless driver. Plaintiff takes pride in his driving, dislikes prejudice people, and dislikes corrupt individuals. And Judges of the 19th Judicial Circuit Court, have learned that through motions written during procedures in trials. Plaintiff has never felt the need to compromise, or 'copout', or admit to any implied crime that may have been alleged to have been committed by him, hence is usually the reasoning for the repeated, elongated delays, and continuances of his court appearances. Note that in Plaintiff's alleged criminal history, he has never resisted arrest, been arrested by black officers, or convicted by a minority Judge.

It is well understood by many of intelligence, how the justice system operates in Lake county, and for the most part, this country in general, all blacks are cajoled towards being manipulated, or appearing as the angry, confused, thug mentality, on the street, or the job. How employees and owners of drinking establishments have treated the Plaintiff over the past twenty years, is the work of Lake County State's Attorney, Michael Waller, in conjunction with many of the

Judges, and members of the Sheriff's Dept. To unlawfully convey to the community, to be on the watch for the Plaintiff, scrutinize his every move, allowing authorities to assist these people by unlawfully keeping the Plaintiff under surveillance, and posting characterizations of the Plaintiff's likeness, and personal information in public places, allowing for Plaintiff to be unfairly judged by people whom may otherwise respect, or even like the Plaintiff. To speculate about the Plaintiff's personal acumen, as being one whom is looking to do something immorally wrong or against the law. Plaintiff though does have a weakness for beautiful young women that he attracts, and many that are attracted to him. Unfortunately, these women often can be manipulated by authorities, possibly through jealousy, to fabricate accusations against the Plaintiff, to try and fulfill their obligation of making the Plaintiff appear as an intimidating 'womanizer', harasser, or abuser of women, none of which are the 'forte' of the Plaintiff. Through this motion, Plaintiff will confirm everything that has been stated herein. The Plaintiff knows the intent toward unsuspecting individuals, or those who may be described as, or fall into the classification of a common criminal, which in the Lake County area there are many whom exist by that type of characterization. So if many of 'mainstream' America are of the mindset described here, it is not very uncharacteristic to believe that a conspiracy can be formed against an individual, which is my relative theory.

EXAMINATION AND SCRUTINIZATION OF THIS DISTRICT COURT JUDGES ORDER:

Judge Chang's Judgment/order lacks a realistic explanation as to why, as the Plaintiff feels, his complaint was unfairly, and prematurely dismissed on the grounds Plaintiff feels Judge Chang familiarized himself with the Plaintiff's disposition, and apparent character through conversations with authorities in Lake County, and Judge Kennelly, to determine the best

means of quickly eradicating the Plaintiff's claim, very seemingly to continue to deprive the Plaintiff of his due process rights, and the realization of an ongoing 'coverup'. Judge Chang's citings of cases involving the stringent rules for filing In Forma Pauperis status within the complaint, are not commensurate with the Plaintiff's situation in any way or form. The citings of cases that Judge Chang listed in regards to 28USC 1915(e)(2)(B), and states in the order, 'provides for the dismissal of frivolous claims'. Judge Chang goes on to cite claims of convicted felons, many of whom were incarcerated, or seeking relief for incidents happening to them while they were incarcerated. The Plaintiff is not a convicted felon, nor has he ever done time in any penal institution. Plaintiff feels that Judge Chang purposely prejudiced him, and intentionally violated his due process, knowing that the Plaintiff is not of the experience of an attorney able to handle such convoluted cases as this, and knowing this, Judge Chang violated the following rules of federal civil procedure: 4(a), 4(b), 4(c)(2), 4(m), 7(a), 12(a)(1), and 12(a)(3). Judge Chang, in addition, is considered to have committed an act of abuse of discretion, where trial court Judge clearly misunderstood, or ignored the facts at issue, or erroneously applied the facts of the case in making a legal conclusion. Plaintiff brings an issue involving the entire conspiracy. The issue is that of 'fraud upon the court', an act deemed so severe, like a civil conspiracy, being fundamentally opposed to the operation of justice, that it is not subject to any statute of limitations. A complaint should not be dismissed for failure to state a claim, unless it appears beyond a doubt, that the Plaintiff can prove no set of facts in support of his claim, which would entitle the Plaintiff to relief. Judge Chang had more than enough time to: A) Diligently investigate the Plaintiff's claims, which are verifiable. B) Move for arbitration- a resolution process where non-binding judgment could have been issued on the

merits after an expedited, adversarial hearing. C) Mediation- An impartial, neutral third party facilitates negotiations among the parties to help them reach settlement. D) Settlement conference- To explore possibility of settlement before trial. Basically all of the Plaintiff's lower court incidents involving arrests, can be applied to a petition for 'writ of habeas corpus', but due all of the intrincic relativity, and production of this conspiracy involving so many so many authorities of the named defendants, this trial would be conducted on a case by case basis. Judge Chang is also in violation of LR83.36(a)(1)-(5), LR83.36(c)(1)-(7), LR83.36(d)(1)-(3). Judge Chang represented himself as a Judge acting in a biased manner who tried the case at the earliest possible stage, and in the process brought about numerous violations. Finally, this complaint is based on cases just prior to the Plaintiff's filing of 05C1691, and all the cases afterward stems from incidents orchestrated by State's attorney, Michael Waller, assisted by Judges named as defendants within this complaint, aided by the Lake County Sheriff's Dept., and individual civilians working in the Lake County Circuit Court Clerks' Office, as attorneys representing the Plaintiff, case 05C1691, and civilian members of a church, see attached appendix, for evidence of cases listed by Circuit Court number, with location of case within the complaint listed.

RELIEF SOUGHT:

What is considered most vital of the Plaintiff's claims are the acts of fraud upon the court, consisting mostly of Judges, and the State's Attorney of the 19th Judicial circuit, violations of Plaintiff's due process, by Judge Matthew F. Kennelly, being 18USC 242 Deprivation of civil rights under color of law, 42USC 1986 Action for neglect to prevent a conspiracy, and 42USC 1988 Proceedings in vindication of civil rights. Plaintiff submits, that absolutely no one has the

right to violate his civil, constitutional, and due process of law rights on an intentional and continual basis, and have the Plaintiff, whom is denied representation, to face elected officials possessing judicial powers to affect a change by administering justice where the situation calls. The Plaintiff through this motion, requests that Judge Edmond Chang consider recusing himself, that a review of this motion by the appeals division allows the Plaintiff the following: 1) Clarification, eradication, or amendment of the order, which was dismissed with prejudice, and a request for a copy of this case numbers folio on the docket. 2) Correction of the omission of reference of all the cases named within this complaint, correction of paragraph 5 of the order, and clarification in assessing the Plaintiff's nine counts. 3) Remand the order for revision of judgment, due that Judge Chang never made request to plaintiff for clarification of claims stated, never allowed Plaintiff amendment applications, showing how cases tied in with each other. 4) Allow Plaintiff In Forma Pauperis status, and appointed representation upon requiring an answer from each named defendant. 5) See attached appendix to bring clarification to the understanding of Plaintiff's counts, and demonstration of how cases are relative to the conspiracy claim.

In closing, Plaintiff Wavery Derant Tompkins prays that after a finding of the affirmative, after reviewing this motion finds that the Plaintiff is entitled to redress for being repeatedly injured in an unfair and malicious manner, that Plaintiff may finally have these issues mediated towards an equitable, ethical, and economical resolution that the Plaintiff is entitled to in accord of law.

By:------------------------------------

------------

Wavery D. Tompkins

P.O. Box 396

Marion, AL. 36756

(847)399-0021

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WAVERY TOMPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 02515 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| 19th JUDICIAL CIRCUIT COURT OF LAKE COUNTY, ILLINOIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Wavery Tompkins filed this suit against 25 various defendants, including the Lake County Circuit Court and judges and clerks of that court; the Lake County State's Attorney's Office and a state prosecutor in that office; the Lake County's Sheriff's Department and deputies in that department; Waukegan police officers; two members of a church in North Chicago; and the United States District Court for the Northern District of Illinois and a judge of that court. Tompkins is representing himself. Among other things, he has filed a motion to proceed *in forma pauperis*. R. 4. For the reasons explained below, the motion is denied.

Because Tompkins is seeking *in forma pauperis* status, he is governed by 28 U.S.C. § 1915(e)(2)(B), which provides for the dismissal of "frivolous" claims, § 1915(e)(2)(B)(i), *see Vey v. Clinton*, 520 U.S. 937, 937 (1997), as well as complaints that fail to state a claim, § 1915(e)(2)(B)(ii), *Jaros v. IDOC*, 684 F.3d 667, 669 n.1 (7th Cir. 2012); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Section 1915(e)(2) applies to all litigants who seek to proceed *in forma pauperis*, not just prisoners. *See Vey*, 520 U.S. at 937 (denying *in forma pauperis* status to file certiorari petition from appeal applying § 1915(e)(2)(B)(i) to non-inmate); *Jaros*, 684 F.3d at 669 n.1 (explaining that § 1915(e)(2) screening applies to non-prisoner suits); *Rowe*, 196 F.3d at 783; *McDowell v. Eden*, 2011 WL 196937, *1 (N.D. Ill. Jan. 20, 2011). In addressing any *pro se* litigant's complaint, the Court must construe the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). If there is an arguable basis for a claim in fact or law, then leave to proceed will be granted. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). But dismissal of the complaint is the proper course where it is clearly baseless or fanciful, *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), or fails to state a claim, § 1915(e)(2)(B)(ii), or seeks monetary damages against a defendant who is immune from such damages, § 1915(e)(2)(B)(iii).

The complaint contains 164 paragraphs, and goes back in time to around 1988. *See* R. 1 ¶ 56 (this is the first arrest of which Tompkins complains; the complaint actually mentions events going back to 1982). As best as can be discerned, the complaint has a few sets of allegations; they do not all tie together, at least not directly. First, it appears that Tompkins believes he has been falsely arrested, several times, by various police officers and Sheriff's deputies, and occasionally prosecuted by the Lake County State's Attorney's Office. *Id.* ¶¶ 54-80, 110, 111. For one of these arrests, Tompkins filed a civil rights lawsuit in the United States District Court for the Northern District of Illinois. This is a second set of allegations. The federal case was assigned to Judge Matthew Kennelly. *Id.* ¶ 84. Tompkins believes the attorneys appointed to represent him ended up conspiring against Tompkins. *Id.* ¶ 85-86.

In another set of allegations, Tompkins filed a lawsuit in Lake County Circuit Court against his landlord in August 2005. *Id.* ¶ 90. The landlord said that she "feared the Plaintiff's presence." *Id.* ¶ 91. Tompkins alleges that the state judges committed various errors, ending in entry of judgment for the defendants whom Tompkins had sued. *Id.* ¶ 95. There is also a set of allegations stemming from what Tompkins says is defamation committed by two members of a church. *Id.* ¶ 103. Tompkins apparently filed a state-court defamation claim (and perhaps two), which was dismissed. *Id.* ¶¶ 103, 115.

On these allegations, Tompkins assets nine counts. Before discussing those counts, the Court pauses to explain that, because on the Court's colleagues is named in the complaint, the Court did consider whether recusal was necessary. Under the applicable federal statutes, 28 U.S.C. §§ 144 and 455, and the Judicial Code of Conduct, it is permissible to rule on a complaint "if the litigation is patently frivolous, or if judicial immunity is plainly applicable." *See* Judicial Code of Conduct Advisory Opinion No. 82 (available at www.uscourts.gov/RulesAndPolicies/Codes of Conduct.aspx). As explained below, this case is frivolous both in all respects and as to the specific claim against Judge Kennelly, both on implausibility and immunity grounds.

Turning to the individual counts, Count One purports to allege a violation of 18 U.S.C. § 241 (deprivation of constitutional rights), a federal criminal statute, which cannot be enforced civilly by Tompkins. Likewise, Count Two alleges that Defendants' conspired to falsely accuse or testify against Plaintiff, which the complaint says is a violation of 18 U.S.C. § 1505 (obstruction of justice). Again, that is a federal criminal statute that Tompkins cannot enforce in a civil action. To the extent that Tompkins is trying to allege a 42 U.S.C. § 1983 (or *Bivens* versus the federal officials) action, the allegation of a vast conspiracy against him does not plausibly state a claim.

Similarly, Count Three alleges that, when Tompkins was arrested, "some officers" booked Tompkins with aliases in addition to his real name, thus supposedly violating one of the identity-theft criminal statutes, 18 U.S.C. § 1028(d)(5)(A). Once again, Tompkins cannot enforce that criminal statute in a civil action. The same goes for the next two claims: Count Four, which purports to allege a violation of 18 U.S.C. § 245 (interference with certain civil rights), and Count Five, which alleges that there was concealment of court records, 18 U.S.C. § 2071. Tompkins cannot prosecute those federal criminal statutes as civil actions.

Next, Count Six refers specifically to paragraphs 50 to 53 of the complaint, but those allegations, to the extent they are understandable, involve a refusal to rent to Tompkins after he raised complaints about the condition of the residence, and the allegations do not plausibly state a claim for race discrimination in the right to hold or lease property, 42 U.S.C. § 1982.

Count Seven refers specifically to paragraphs 97 to 100 of the complaint, which are allegations that two Lake County Circuit Court deputy clerks caused him to be arrested for allegedly making threats, once in 2007 and the other time in 2008. Whether regarded as a false-arrest or malicious-prosecution claim (or both), the latter case was dismissed in August 2008, so Tompkins's complaint, on its face, is outside the two-year statute of limitations. On the former case, the complaint does not allege that the prosecution was terminated in his favor, so that required allegation is missing.

Count Eight tries to allege that the "legal officials" had a chance to, but did not, prevent the "ongoing conspiracy." To the extent that this count is targeted at supervisory executive-branch officials, the allegations are too thin to state a claim for liability, because there are insufficient allegations of their personal involvement. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76, 681 (2009). Also, to the extent that this count is targeted at prosecutors (or the State's Attorney) for failing to prosecute the alleged wrongdoers or judges for failing to prevent the alleged abuse of process, absolute prosecutorial and judicial immunity apply to bar the claim.

Finally, Count Nine alleges that three prior lawsuits were incorrectly dismissed. To the extent that Tompkins is targeting state-court lawsuits, the *Rooker-Feldman* doctrine, narrow as it is, would apply if he is complaining about the judgments themselves. *See Crawford v. Countrywide Home Loans*, 647 F.3d 642, 645-46 (7th Cir. 2011). To the extent that the federal suit is the target, again the proper procedure would have been to appeal the dismissal, not file what amounts to a collateral challenge in a new civil suit. Whether state or federal, the complaint's allegations fail to provide factual content that amount to plausible challenges of the judges's decisions, and absolute judicial immunity would apply in any event.

This case is frivolous and fails to state a claim. The case is dismissed with prejudice.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 10, 2013

AO 450 (Rev. 01/09) Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
for the
## Northern District of Illinois

Wavery Thompkins
*Plaintiff*
v.
19th Judicial Circuit Cour of Lake County, Illinois, et al.
*Defendant*

Civil Action No. 13 C 2515

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

☐ the plaintiff *(name)* ______ recover from the defendant *(name)* ______ the amount of ______ dollars ($ ______ ), which includes prejudgment interest at the rate of ______ %, plus postjudgment interest at the rate of ______ %, along with costs.

☐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* ______ recover costs from the plaintiff *(name)* ______

[X] other:

This case is dismissed with prejudice for failure to state a claim.

This action was *(check one)*:

☐ tried by a jury with Judge ______ presiding, and the jury has rendered a verdict.

☐ tried by Judge ______ without a jury and the above decision was reached.

☐ decided by Judge ______ on a motion for ______

Date: Sept. 13, 2013

Thomas G. Bruton, Clerk of Court

/S/ Sandra Brooks